STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
Piscataquis, SS                                   CD-CR-2017-0229


STATE OF MAINE            )
                         )
                         )
                         )
         v.              )              **Order on Motion to Suppress**
                         )
                         )
                         )
Conner R. Johnson,       )
         Defendant.      )


Defendant is charged with OUI. He filed two motions, one seeking to suppress statements he made to the investigating officer and one seeking to suppress results of an intoxilyzer test. Both motions came on for hearing on October 30, 2017.

The critical facts can be summarized briefly. The investigating officer received a call about a car off the Dexter Road, from which a man in sweatpants had been observed walking toward Dexter. The officer responded to the call. After observing the vehicle, he found Defendant walking toward Dexter on the Dexter Road and wearing sweatpants.

The officer stopped his cruiser and approached Defendant. After a brief colloquy, during which the officer smelled alcohol on Defendant, he had Defendant get in the cruiser. While Defendant was confined to the cruiser, the officer asked him further questions without providing Miranda warnings or obtaining a waiver. Thereafter, Defendant was taken to the station and subjected to the intoxilyzer test.

The threshold question to be decided is whether Defendant was in custody once he entered the cruiser. Based on all of the circumstances presented—in particular Defendant's youth, his lack of alternative transportation, the officer's unambiguous directive to enter the cruiser, and Defendant's inability to leave the cruiser thereafter, the court concludes Defendant was in custody from the time he entered the cruiser. **State v. Michaud**, 1998 ME 251 ¶ 4, 724 A.2d 1222 ( "…a court must determine 'whether a reasonable person in the defendant's position would have believed he was in police custody and constrained to a degree associated with formal arrest.'" [citation omitted]). Defendant's statements made inside the cruiser must therefore be suppressed.

The remaining issue, common to both motions, is the extent of the answers Defendant gave to the officer before Defendant entered the cruiser. Defendant challenged the officer's memory and record keeping so as to cast doubt on whether the officer asked any substantive questions before Defendant entered the cruiser. The matter is critical because, if the officer's testimony is credited, Defendant answered questions outside the

1

cruiser (and therefore before he was in custody) that both have independent incriminating value and justified Defendant's subjection to the intoxilyzer test.

Defendant pointed out in argument that the officer phrased his questions in the cruiser as if he were embarking on a fresh inquiry rather than as if he were following up on questions answered but moments before. The court is nonetheless satisfied based on the record presented that the officer did ask questions of Defendant and receive answers to them before Defendant entered the cruiser. Several factors inform this decision. It would have been very peculiar for the officer to summon Defendant to the cruiser without asking anything about the incident. The officer was able to recount in detail one difference between the answer Defendant gave to a question asked both in and out of the vehicle—in one instance, mentioning having had a rollover accident, in the other not mentioning that element of the event. Further, it would have been expected that the officer ask the same questions more than once, to compare the answers given.

For the reasons stated above, Defendant's motion to suppress the results of the intoxilyzer test is DENIED. Defendant's motion to suppress statements is DENIED with respect to those made outside the cruiser and GRANTED with respect to those made inside the vehicle.

The Clerk may incorporate this Order upon the docket by reference.

Dated: October 31, 2017

The Hon. Bruce C. Mallonee
Justice, Maine Superior Court

2